United States District Court
Southern District of Texas

**ENTERED**

May 26, 2026

Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| ARMIDA ELIZABETH MARTINEZ-PEREZ, Petitioner, | § § § § § | CIVIL ACTION NUMBER 4:26-cv-02491 |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| PAMELA BONDI, *et al*, Respondents. | § § § | |

### ORDER OF DISMISSAL

Pending is a petition for writ of *habeas corpus* by Petitioner Armida Elizabeth Martinez-Perez. Dkt 1. She acknowledges illegal entry into the United States at a prior date but nonetheless asserts that her present detention violates (i) the Due Process Clause of the Fifth Amendment and (ii) humanitarian concerns. Id at ¶¶20, 31–42. While the petition states that she has been detained since April 23, 2025, her later-filed errata confirms that her present detention commenced on January 20, 2026. Compare Dkt 1 at ¶3, with Dkt 9 at 2.

Prior order noted that it was unclear whether, and the extent to which, the petition raised issues resolved by the decision of the Fifth Circuit in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned, as Petitioner has been ordered removed. See Dkt 5 at 1–2; see also Dkt 1 at 16–19. The Government was thus ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Dkt 5 at 2.

Pending in that regard is a motion by the Government to dismiss or, alternatively, for summary judgment. Dkt 6. It maintains that Petitioner is subject to mandatory

detention under 8 USC §1225(b)(2) because she has appealed her removal order, meaning that order is not yet final. Dkt 6 at 2–4; see also Dkt 1 at 21–23 (filing receipt for appeal). It further contends that Petitioner's arguments fail on the merits. Dkt 6 at 4–9.

Petitioner concedes on reply that her removal order is not yet final but contends that her detention is governed by 8 USC §1226(a) rather than §1225(b). Dkt 10 at 4–5. She also maintains that her detention violates due process and humanitarian concerns. See id at 2–4, 6–8.

As noted in prior order, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

Since the Fifth Circuit decided *Buenrostro-Mendez*, the undersigned has also determined that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and that pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention. *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex). Later decision also determined that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas* as to post-removal-order detention. *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, April 27, 2026).

The arguments presented by Petitioner in the petition and reply brief raise issues largely resolved to the contrary in the decisions cited above. As to her contention regarding humanitarian concerns, Petitioner's family circumstances are no doubt sympathetic. See Dkts 1 at 8 & 10 at 6–7. But

2

the decision of whether to release Petitioner on parole for humanitarian reasons lies within the discretion of the Secretary of Homeland Security. See 8 USC §1182(d)(5)(A). As indicated in the original notice to appear submitted with the petition, Petitioner "has not been admitted or paroled" into the United States. Dkt 1 at 12; see also id at 16 (order of removal with denial of asylum claim). The Fifth Circuit's holding in *Buenrostro-Mendez* thus pertains.

Petitioner hasn't established that her detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 7.

The petition for writ of *habeas corpus* by Petitioner Armida Elizabeth Martinez-Perez is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on __May 26, 2026__ , at Houston, Texas.

Honorable Charles Eskridge
United States District Judge

3